UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELIZABETH BROWN,<br><br>    Plaintiff,<br> v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION,<br><br>    Defendant. | CASE NO. 2:22-cv-00206-TL<br><br>ORDER OF DISMISSAL |

  This matter comes before the Court *sua sponte*. On March 8, 2021, Plaintiff Elizabeth Brown ("Plaintiff") filed a *pro se* complaint against the United States Department of Education ("Defendant"). Dkt. No. 1-1. The complaint purports to arise under 41 U.S.C. § 6503, which in turn involves contracts governed by 41 U.S.C. § 6502. These statutes pertain to requirements for contracts with the United States government "for the manufacture or furnishing of materials, supplies, articles, or equipment, in an amount exceeding $10,000." 41 U.S.C. § 6502. Plaintiff also filed an application to proceed *in forma pauperis* (Dkt. No. 1), which was granted (Dkt. No. 4). Having reviewed Plaintiff's complaint, the Court finds that Plaintiff fails to state a

ORDER OF DISMISSAL - 1

claim upon which relief may be granted. The Court further finds that amendment would be futile and DISMISSES the complaint with prejudice.

The Court's authority to grant *in forma pauperis* status derives from 28 U.S.C. § 1915. Upon permitting a plaintiff to proceed *in forma pauperis*, the Court is subject to the requirements set forth under 28 U.S.C. § 1915(e)(2)(B). Among these requirements is the Court's duty to dismiss the plaintiff's case if the Court determines that the complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners").

"The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Day v. Florida*, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129). Rule 12(b)(6) requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). Where a plaintiff proceeds *pro se*, the court must construe the plaintiff's complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)). If a plaintiff fails to meet the plausibility standard, the court is permitted to dismiss for failure to state a claim. Generally, courts will allow a *pro se* plaintiff to amend a complaint in lieu of dismissal unless amendment would be futile because no set of facts can cure the deficiencies. *Yagman v. Garcetti*, 852 F.3d 859, 867 (9th Cir. 2017).

ORDER OF DISMISSAL - 2

1    Here, Plaintiff claims that her daughter forged her signature on a FAFSA form submitted
2    to Defendant in 2016. Dkt. No. 5 at 6. On March 3, 2016, Plaintiff reported the matter to police
3    in Concord, Massachusetts, who advised her "to file a report with FAFSA." *Id.* She then
4    contacted Defendant to report the matter and was assigned a case number. *Id.* Plaintiff claims
5    that Defendant "neglected to resolve" the case, and that her daughter "was never brought to
6    justice in a court of law for fraudulently signing [Plaintiff's] name on the FAFSA form." *Id.*
7    Plaintiff goes on to detail the ways in which her relationship with her daughter has been strained,
8    which has caused internal family strife. *Id.* at 6-9. Plaintiff further explains that these events have
9    contributed to her struggles with mental health. *Id.* at 7.[1] Plaintiff seeks monetary damages from
10   Defendant in the amount of $9,000,000, including $6,000,000 in punitive damages, $2,000,000
11   for damages resulting from her not being invited to her daughter's wedding, and $1,000,000 for a
12   potential creditor who may seek reimbursement from her, presumably for money her daughter
13   received in the form of financial aid for college based on the allegedly forged FAFSA form. *Id.*
14   at 5.

15   Plaintiff asserts claims under 41 U.S.C. § 6503. However, Plaintiff's claims purport to
16   arise under federal statues meant to protect rights guaranteed to employees of federal contractors.
17   *See* 41 U.S.C. §§ 6502, 6503. Plaintiff is not an employee of federal contractors. Further,
18   Plaintiff has no authority to sue under these statutes. *See Ali v. Asura Ins. Servs.*, 2016 WL
19   8731060, at *2 (E.D. Cal. June 24, 2016); *see also United States v. W.H. Kistler Stationery Co.*,
20   200 F.2d 805, 806 (10th Cir. 1952) (cause of action under Title 41 of the United States Code

---

[1] The Court notes that the crux of the facts alleged in Plaintiff's Complaint largely mirror those from a case that she previously filed in this Court. *See Brown v. United States Department of Education*, Case No. 2:21-cv-00326-RAJ, Dkt. Nos. 4, 10. That case was dismissed with prejudice because the Court found that Plaintiff failed to provide any factual basis to support a constitutional due process claim under either the Fifth or Fourteenth Amendments in either her original or amended complaints. *Id.* at Dkt. No. 11.

"belong[s] to the government alone"); *U.S . v. Lovknit Mfg. Co.*, 189 F.2d 454, 457 (5th Cir. 1951) ("[N]o one may sue for a breach of these contracts in any respect except the United States through the Attorney General."). Pursuant to § 1915(e)(2)(B)(ii), the Court must therefore dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted. Finding further that amendment would be futile, as no set of facts could cure the deficiency, the Court DISMISSES WITH PREJUDICE Plaintiff's complaint.

IT IS SO ORDERED.

Dated this 8th day of March 2022.

Tana Lin
United States District Judge